**IT IS ORDERED as set forth below:**



**Date: July 13, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| **IN THE MATTER OF:** | : | **CASE NUMBER** |
|---|---|---|
| SHAILESH SUSHIL KOTHARI, | : | 18-68038-LRC |
|  | : |  |
|  | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

### ORDER

Before the Court is the Motion to Extend the Time to File Complaint to Determine Dischargeability (the "Motion"), filed by Durham Commercial Capital Corporation ("DCCC") (Doc. 38). The Motion is unopposed. This matter is a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 1334; 28 U.S.C. § 157(b)(2)(A), (O).

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on

October 28, 2018. Debtor failed to list DCCC as a creditor. DCCC alleges that it received no notice of the bankruptcy case and lacked actual knowledge thereof until on or about April 22, 2019, when Debtor amended Schedule D to add DCCC as a creditor. The deadline, pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure, for filing a complaint to determine the dischargeability of a particular debt expired on January 28, 2019. DCCC asks the Court to extend the Rule 4007 deadline because DCCC lacked notice and knowledge of the bankruptcy case in time to file such a complaint and it has a basis for asserting that the debt owed is nondischargeable under §§ 523(a)(2) and (a)(6).

Under Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, a complaint to determine the dischargeability of a debt under §§ 523(a)(2), (4) or (6) must be brought within sixty days of the first date set for the meeting of creditors. This deadline may be extended, but "only to the extent and under the conditions stated in those rules." FED. R. BANKR. P. 9006(b)(3). Rule 4007(c) provides that a motion to extend the deadline must be filed before the deadline expires. FED. R. BANKR. P. 4007(c). Therefore, the Court has no authority to extend the Rule 4007 deadline after it has expired. *See In re Stapp*, 2017 WL 3601225, at *2 (Bankr. S.D. Ind. Aug. 21, 2017) (stating that Rule 4007 includes no "conditions under which a party may file a late complaint or file a late motion to extend" and that the "purpose of such hard-and-fast rules with respect to § 523 fraud complaints . . . is to promote the expeditious and efficient administration of bankruptcy cases").

2

The Court recognizes that denial of the Motion may seem like a harsh result when no party appears to dispute the fact that Debtor failed to provide DCCC with notice of the bankruptcy case in time to file a complaint or a motion to extend the deadline. DCCC's remedy, however, is not an extension of the time to file a complaint under §§ 523(a)(2), (a)(4), or (a)(6), but to "file an independent complaint under § 523(a)(3)(B) which can be brought at any time." *Stapp*, 2017 WL 3601225, at *4 (Bankr. S.D. Ind. Aug. 21, 2017); *In re Mazik*, 592 B.R. 604, 611 (Bankr. E.D. Pa. 2018); *In re Sieger*, 360 B.R. 653, 656 (Bankr. N.D. Ohio 2007) ("As a complaint under § 523(a)(3)(B) may be brought at any time, there is no need for the Movant to proceed under § 523(a)(4); her first and primary remedy is to initiate an independent cause of action under § 523(a)(3)(B), not to seek leave, on equitable grounds, to file a complaint under § 523(a)(4)."); *see also* 11 U.S.C. §§ 523(c), 523(a)(3)(B) (a debt is nondischargeable if it was "neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit . . . (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request").

For these reasons, the Motion must be, and hereby is, **DENIED**.

3

**END OF DOCUMENT**

Distribution List

**David A. Kleber**
Bedard Law Group, PC
Suite 310
4855 River Green Parkway
Duluth, GA 30096

**Howard D. Rothbloom**
The Rothbloom Law Firm
Suite 400
309 E. Paces Ferry Road
Atlanta, GA 30305

**Shailesh Sushil Kothari**
2208 Hanfred Lane, #101-21
Tucker, GA 30084

**Cathy L. Scarver**
P. O. Box 672587
Marietta, GA 30006